Bradley T. Austin, Esq.
Nevada Bar No. 13064
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
baustin@swlaw.com

*Attorneys for Defendant*
*Equifax Information Services, LLC*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| PATRICK ANDERSON, JILL ANDERSON, DR. JOHN FACINOLI, ABRAHAM VICKERY; and ERICA VICKERY, <br><br> Plaintiffs, <br><br> vs. <br><br> EQUIFAX INFORMATION SERVICES, LLC, <br><br> Defendant. | Case No. <br><br> **DEFENDANT'S NOTICE OF REMOVAL** |

**TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA, TO THE CLERK OF THE COURT, AND TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant Equifax Information Services, LLC ("Equifax") hereby removes the above captioned action, Case No. A-18-770862-C, currently pending in the District Court of Nevada, Clark County (the "Action"), to the United States District Court, District of Nevada, 333 Las Vegas Blvd. South, Las Vegas, NV 89101. Removal is filed pursuant to 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331, 1332, 1367, 1441, 1446, 1453, and the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, on the basis of the following facts, which show that this case may be properly removed to this Court:

1. Equifax has been sued in a civil action entitled *Anderson et al. v. Equifax Information Services, LLC.*, Case No. A-18-770862-C, District Court, Clark County, Nevada (the "State Court Action").

2. Plaintiffs Patrick Anderson, Jill Anderson, Dr. John Facinoli, Abraham Vickery, and Erica Vickery ("Plaintiffs") filed their Class Action Complaint ("Complaint") in the State Court Action on March 9, 2018, and served Equifax with the Complaint on March 14, 2018.

3. To date, Equifax has not been served with any further filings in the State Court Action.

4. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Equifax has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331, 1332, 1367, 1441, 1446, 1453, and CAFA.

**I.   THIS ACTION IS ONE OF OVER THREE HUNDRED SIMILAR PUTATIVE CLASS ACTION SUITS FILED IN U.S. FEDERAL COURTS IN THE WAKE OF EQUIFAX'S ANNOUNCEMENT OF A DATA SECURITY INCIDENT IMPACTING APPROXIMATELY 145.5 MILLION U.S. CONSUMERS.**

5. Equifax is a global information solutions company. As part of its business operations, Equifax maintains personal information of millions of U.S. consumers.

6. On September 7, 2017, Equifax announced a data security breach impacting the personal information of approximately 143 million U.S. consumers (the "Data Breach"). *See* www.equifaxsecurity2017.com.

7. That same evening, consumers began to file putative class action complaints against Equifax seeking relief related to the Data Breach. To date, over three hundred putative class actions have been filed against Equifax in United States District Courts across the country. (*See* ¶ 8 of the Declaration of Terry Griffin ("Declaration"), attached hereto as **Exhibit A**.)

8. The gravamen of each of these lawsuits against Equifax is the same: that Equifax failed to adequately safeguard consumers' personal information and that this failure resulted in a data breach of Equifax systems. Many of these related cases have alleged federal jurisdiction pursuant to CAFA. *See, e.g.*, *McGonnigal v. Equifax, Inc.*, No. 1:17-cv-03422-WSD (N.D. Ga.,

filed Sept. 7, 2017); *McHill v. Equifax Inc.*, No. 3:17-cv-01405-BR (D. Or., filed September 7, 2017); *Barker v. Equifax, Inc.*, No. 8:17-cv-1560 (C.D. Cal., filed September 8, 2017); *King v. Equifax, Inc.*, No. 1:17-cv-3157 (S.D. Ind., filed September 8, 2017); *Rice v. Equifax, Inc.*, No. 1:17-cv-156 (N.D. W. Va., filed September 8, 2017); *Walker v. Equifax Inc.*, No. 5:17-cv-01527-HNJ (N.D. Ala., filed September 11, 2017).

9. At least two (2) of these cases were filed in Nevada Federal Court: *Knepper v. Equifax Information Services, LLC*, No. 17-cv-02367 (D.N.V.) and *McCall v. Equifax Information Services, LLC*, No. 17-cv-02372 (D.N.V.).

10. All but a handful of these Federal cases have been consolidated and transferred by the Judicial Panel on Multidistrict Litigation to an MDL pending in the Northern District of Georgia: *In re Equifax, Inc., Customer Data Security Breach Litigation*, No. 1:17-md-2800-TWT (N.D. Ga.) ("*In re Equifax*"). The Federal cases that have not yet been transferred are the subject of Conditional Transfer Orders issued by the JPML, and Equifax expects that those conditional orders will be finalized in due course.

11. Upon removal, this case likely will be consolidated along with the other related putative class actions pending in *In re Equifax*.

## II. EQUIFAX HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

12. Pursuant to 28 U.S.C. § 1446(a), true and exact copies of all process, pleadings, and orders served on Equifax in this matter are attached as **Exhibit B**. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs, and a copy is being filed with the clerk of the District Court, Clark County, Nevada.

13. Plaintiffs served Equifax with the Complaint on March 14, 2018. *See* Exhibit B. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b) because it was filed within thirty (30) days after receipt by Equifax, through service or otherwise, of a copy of the "initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).

14. As of the date of this removal, Equifax has not filed a responsive pleading to any complaint in this case. Equifax reserves all rights to assert any and all defenses or otherwise respond to the operative complaint. Equifax further reserves the right to amend or supplement this Notice of Removal.

15. Venue lies in the United States District Court for the District of Nevada, pursuant to 28 U.S.C. § 1441(a), because the original action was filed in a state court located within the District of Nevada. Clark County, Nevada is further located within the Southern Division. Venue, therefore, is proper in this District and Division because they are the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

**III. REMOVAL IS PROPER BECAUSE THE COURT HAS FEDERAL QUESTION JURISDICTION.**

16. This Court has original jurisdiction over this case pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331, in that this is a civil action arising under the Constitution, laws or treaties of the United States.

17. Specifically, Plaintiffs' Complaint alleges, on its face, that Equifax violated the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*., by failing to protect Plaintiffs' "consumer credit information." (*See* Compl. ¶¶ 45-48.)

18. Plaintiffs allege that Equifax "violated FCRA by failing to protect from disclosures the personal and private information of the consumers." (Compl. ¶ 12.) In the Complaint, "FCRA" refers to "the Fair Credit Reporting Act, 15 U.S.C. § 1681." (Compl. ¶ 8.)

19. The FCRA, pursuant to 15 U.S.C. § 1681p, provides that any action alleging a violation of its provisions "may be brought in any appropriate United States district court, without regard to the amount in controversy."

20. Accordingly, because Plaintiffs' Complaint asserts claims against Equifax under the FCRA, Plaintiffs' Complaint is removable to this Court as the Court has federal question jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C. § 1331 over this case. *See, e.g., Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 429 (7th Cir. 2009) (finding removal of complaint with FCRA claim was proper because "[t]he federal court had original jurisdiction over the FCRA claim");

*see also Williams v. Diversified Consultants, Inc.*, No. 616CV01420EFMGEB, 2017 WL 2418067, at *2 (D. Kan. June 5, 2017) (stating that removal is proper where a "complaint allege[s] facts sufficient to show that a substantive claim arises under the FCRA, and thus presents a federal question to the Court, granting subject-matter jurisdiction over the case.").

21. Finally, the Court has supplemental jurisdiction over all other non-FCRA claims in the Complaint pursuant to 28 U.S.C. § 1367 because all of Plaintiffs' claims "are based upon a common nucleus of operative fact"—the Equifax Data Breach. *Bonadeo v. Lujan*, No. CIV08-0812JB/ACT, 2009 WL 1324119, at *18 (D.N.M. Apr. 30, 2009) (finding removal was proper and federal court had original jurisdiction over claims of federal law violations and supplemental jurisdiction over related state-law claim).

## IV. INDEPENDENTLY, THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER CAFA.

22. The Court also has original jurisdiction over this action, and the action may be removed to this Court, under CAFA.

23. Concerned by abuses of class actions in some state courts, Congress passed CAFA in part "to restore the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction." Pub. L. No. 109-2, 2(b)(2), 119 Stat. 4 (codified as a note to 28 U.S.C. § 1711).

24. CAFA expanded Federal court jurisdiction over, and permits removal to Federal court of, certain class actions originally filed in state court where there is not complete diversity between defendants and all members of the purported class. 28 U.S.C. § 1441(a); 28 U.S.C. § 1453. Specifically, CAFA permits removal of class actions filed in state court if:

   a. any member of the putative plaintiff class is a citizen of a state different than that of any defendant (28 U.S.C. § 1332(d)(2)(a));

   b. the members of all proposed plaintiff classes exceed 100 (28 U.S.C. § 1332(d)(5)(b)); and

   c. the aggregate amount in controversy exceeds $5,000,000 (28 U.S.C. § 1332(d)(2)).

- 5 -

25.   As set forth below, this is a putative class action in which: (1) there are more than 100 members in the putative class (and subclass) proposed by Plaintiffs; (2) at least one member of each proposed class is a citizen of a different state than Equifax; and (3) based upon the allegations in the Complaint and the facts set forth in the attached Declaration, the claims of the putative class members exceed the sum or value of $5 million in the aggregate, exclusive of interest and costs.  Thus, this Court has original jurisdiction over this action, and the action may be removed to this Court pursuant to 28 U.S.C. § 1332(d)(2).

**A.   Plaintiffs' Proposed Classes Consist of More Than 100 Members.**

26.   Plaintiffs purport to seek damages on behalf of all "citizens in Nevada" whose "personal private information" was impacted in the Equifax data breach.  (*See* Compl. ¶ 29.)

27.   Equifax disclosed on September 7, 2017 that the Data Breach impacted the personal information of approximately 143 million U.S. consumers.  (Decl. ¶ 5.)

28.   Equifax sent a letter to the Nevada State Attorney General's Office on September 7, 2017, stating that approximately 1,274,457 Nevada residents may have had their information impacted by the Data Breach.  (Decl. ¶ 6.)

29.   On October 2, 2017, Equifax announced that approximately 2.5 million additional individuals may have had their information impacted by the Data Breach.  (Decl. ¶ 7.)

30.   On October 12, 2017, Equifax sent a second letter to the Nevada Attorney General's Office stating that the number of Nevada residents whose information may have been impacted had increased to 1,305,079.  (*Id*.)

31.   Accordingly, based on the allegations in the Complaint and Equifax's records, the aggregate number of members of the putative class is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

**B.   The Requirement for Minimal Diversity is Met.**

32.   This Court has original jurisdiction under CAFA when the parties in a class action are minimally diverse.  *See* 28 U.S.C. § 1332(d)(2)(A) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of

1  $5,000,000, exclusive of interest and costs, and is a class action in which -- (A) *any member of a*
2  *class of plaintiffs is a citizen of a State different from any defendant. . . .*") (emphasis added).

3  33.  Plaintiffs are residents of Nevada. (Compl. ¶ 1.)

4  34.  Plaintiffs also seek to represent a Nevada class of consumers. (Compl. ¶ 29.)

5  35.  Equifax is, and was at the time it was served with the Complaint, a limited liability
6  company duly organized and validly existing under the laws of the State of Georgia with its
7  parent company, Equifax Inc., being a corporation duly organized under the laws of the State of
8  Georgia. (Decl. ¶ 4; *see also* Compl. ¶ 3.) Equifax and its parent company maintain their
9  principal places of business in Georgia. (*Id.; Id.*) Equifax, therefore, is a citizen of Georgia.

10  36.  Because Plaintiffs are diverse from Equifax based on its Georgia citizenship, the
11  requirements for minimal diversity under 28 U.S.C. § 1332(d)(2)(A) are satisfied.

**C.  The Amount in Controversy Requirement is Satisfied.**

13  37.  This action arises out of Equifax's alleged failure to safeguard the personal and
14  financial information of consumers, as well as Equifax's alleged failure to provide timely notice
15  of the Data Breach. (*See* Compl. ¶¶ 8-28.)

16  38.  Plaintiffs allege that their claims are "typical of the claims of the class members."
17  (Compl. ¶ 33.)

18  39.  Although the Complaint contains only conclusory allegations concerning the
19  speculative harm purportedly suffered by the putative class members, Plaintiffs allege, among
20  other things, that "Plaintiffs and each class member sustained damages in excess of FIFTEEN
21  THOUSAND DOLLARS ($15,000.00)" (Compl. ¶ 43; *see also id*. ¶¶ 53, 58.)

22  40.  As noted above, Plaintiffs seek to represent a class of Nevada consumers. (*See*
23  Compl. ¶¶ 24, 33.)

24  41.  The purported class therefore consists of 1,305,079 Nevada residents. (*Supra* ¶¶
25  26-33.)

26  42.  As a result, based on the number of class members and the claimed damages, the

- 7 -

amount in controversy is in excess of $19.5 billion.[1] This amount does not include any statutory damages that Plaintiffs may seek.

43.  It is therefore clear that the amount in controversy in this putative class action exceeds $5 million.

44.  Based on Plaintiffs' allegations and the supporting Declaration of Terry Griffin, it is clear that Plaintiffs' complaint (1) purports to represent a class of more than 100 individuals, (2) presents minimum diversity, and (3) puts in excess of $5 million in controversy. CAFA jurisdiction is thus present.

## V.  CONCLUSION

45.  For all the reasons stated, this action is removable to this Court pursuant to 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331, 1332, 1367, 1441, 1446, 1453, and CAFA, and this Court may exercise jurisdiction over this matter.

46.  Promptly after the filing of this Notice of Removal, in accordance with 28 U.S.C. § 1446(d), Equifax will give written notice of this Notice of Removal to Plaintiffs and will file a copy of this Notice with the Clerk of the District Court, Clark County, Nevada.

THEREFORE, Equifax respectfully requests that this action be removed from the Eighth Judicial District Court, Clark County, Nevada, to the United States District Court for the District of Nevada pursuant to 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331, 1332, 1367, 1441, 1446, 1453, and CAFA.

Respectfully submitted this 2nd day of April, 2018

SNELL & WILMER LLP

By: /s/ *Bradley T. Austin*
 Bradley T. Austin
 Nevada Bar No. 13064
 3883 Howard Hughes Pkwy
 Suite 1100
 Las Vegas, NV 89169

*Attorneys for Defendant*
*Equifax Information Services LLC*

---

[1] Plaintiffs have not stated a plausible basis for entitlement to this relief (or any other relief) and their alleged claims suffer from numerous defects. However, those deficiencies do not impact the amount in controversy.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing has been served this 2nd day of April, 2018 via ECF as follows:

Robert W. Cottle, Esq.
THE COTTLE FIRM
8635 South Eastern Avenue
Las Vegs, NV 89123

Jennifer Isso, Esq.
ISSO & HUGHES LAW FIRM
720 Center Street, #100
Henderson, NV 89015
*Attorneys for Plaintiffs*

By: /s/ *Lyndsey Luxford*
An employee of Snell & Wilmer LLP

4823-8646-8192